WOOD et al. v. KEYSER et al. KEYSER et al. v. WOOD et al. (Circuit Court of Appeals, Fifth Circuit. May 24, 1898.) No. 654. Appeal and Cross Appeal from the District Court of the United States for the Northern District of Florida. J. P. Kirlin and John Eagan, for John Wood & Co. John C. Avery, for W. S. Keyser & Co. Before PARDEE and McCORMICK, Circuit Judges, and PARLANGE, District Judge.

PER CURIAM. The questions raised on this appeal and cross appeal were elaborately considered by the district judge in his written opinion, as found in the transcript, and as reported in 84 Fed. 688; and, as we concur in the conclusions reached by him, the decree appealed from is affirmed.

---

## HOE et al. v. SCOTT.

### (Circuit Court, D. New Jersey. May 20, 1898.)

For opinion, see 87 Fed. 220.

KIRKPATRICK, District Judge. The defendant having moved this court that the depositions of each and every witness taken on the accounting herein before the master, and each and every part thereof, and all exhibits offered in evidence in connection with such deposition, be stricken out, and, in case the court should decline so to do, that defendant should be allowed to put in evidence in defense before the master upon matters relating to the scope of the accounting before the nature and scope of the account which the defendant is to file are passed upon, and for other and further relief; and such motion coming on to be heard, upon the proceedings heretofore had herein, and the filed papers and evidence in this cause, including the evidence heretofore taken before Henry D. Oliphant, Esq., master, etc., and upon the affidavits of Walter Scott and William H. L. Lee, both verified April 1, 1897; and after hearing Benjamin F. Lee, Esq., and William H. L. Lee, Esq., of counsel for defendant, in support of said motion, and Myron H. Phelps, Esq., of counsel for complainant, in opposition thereto, and due deliberation having been had; and it appearing to the court that the motion to strike out said depositions and exhibits should not be allowed or considered on its merits at the present time, and that all matters pertaining to the merits should be deferred until the coming in of the master's report:

It is ordered and adjudged that the motion to strike out the depositions of each and every witness taken on the accounting herein before the master, and each and every part thereof, and all exhibits offered in evidence in connection with said depositions, without passing on the merits thereof, be, and the same is, not allowed at the present time, and that the hearing of said motion, and all matters involved in said motion pertaining to the merits thereof, be, and they hereby are, deferred, and the consideration thereof reserved, until the coming in of the said master's report; and it appearing to the court that there are certain machines manufactured by the defendant which are claimed by the complainants to be within the scope of the decree entered in the cause, and which said machines, it is insisted on the part of the defendant, are not within the scope of said decree, and the court being of the opinion that it is within the province or the duty of the master to determine the question whether said machines contain infringement upon the claims of the complainant's patent as in this cause adjudicated, it is ordered that, before proceeding with the accounting so far as the same relates to said machines which it is claimed are not within the scope of the decree, the said master do first satisfy himself by the evidence produced by both parties of the validity of the complainant's contention.